1

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

2

3  Wendell Brown,                                    Case No. 2:24-cv-00867-CDS-DJA

4                    Plaintiff                       **Order Denying Plaintiff's
                                                     Emergency Motions**

5        v.

6  Bank of America, et al.,                          [ECF Nos. 44, 45]

7                    Defendants

8

9        This is a breach of contract, foreclosure, and related claims action brought by pro se

10  plaintiff Wendell Brown. *See generally* Compl., ECF No. 1-1. On July 15, 2024, Brown filed an

11  "emergency" motion for preliminary injunction and an "emergency" motion for a temporary

12  restraining order. ECF Nos. 44, 45. For the reasons set forth herein, I have determined that I do

13  not need a response from the defendants to address these motions and deny both without

14  prejudice.

15  **I.        Discussion**

16        The local rules of this district provide the court with the sole discretion to determine

17  whether an "emergency" motion is, in fact, an emergency. LR 7-4(c). Emergency motions are

18  disfavored and "should be rare" because of the "numerous problems they create for the opposing

19  party and the court in resolving them." LR 7-4(b); *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d

20  1137, 1140 (D. Nev. 2015).

21        The process for filing emergency motions is set forth in the local rules of this district. *See*

22  LR 7-4. The emergency motion must be accompanied by a declaration setting forth the nature of

23  the emergency, the contact information of the movant and all affected parties, and a certification

24  that, participation in the meet-and confer process to resolve the dispute, the movant has been

25  unable to resolve the matter without court action." *Id.* This requirement carries with it several

26  facets, which are outlined in LR 7-4. Having reviewed both motions, I find that Brown did not

follow the local rules in filing the motions, and further, I find that neither constitutes an emergency. Brown is hereby ordered to review the Local Rules for the District of Nevada. They are available online at: https://www.nvd.uscourts.gov/wp-content/uploads/2020/04/Local-Rules-of-Practice-Amended-2020.pdf. To the extent Brown needs a hard copy, he should visit the Clerk's Office for additional information on how to obtain a copy of them.

Brown is reminded that pro se litigants must be familiar with and follow the rules of the court. *See United States v. Flewitt*, 874 F.2d 669, 675 (9th Cir. 1989) (stating that pro se litigants are subject to the same good-faith limitations imposed on lawyers, as officers of the court); *Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986) ("Although pro se, [plaintiff] is expected to abide by the rules of the court in which he litigates."). Brown is also cautioned that failure to comply with the Federal Rules of Civil Procedure, the Local Rules of this District, and the orders of this court may result in future filings being denied or stricken. *Carter.*, 784 F.2d at 1008–09 (collecting cases) (explaining that a pro se litigant is "expected to abide by the rules of the court in which he litigates"); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (reiterating that although courts "construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure"); *Ferdik v. Bonzelet*, 963 F.2d 1258 (9th Cir. 1992) (affirming district court's dismissal of a pro se plaintiff's complaint for failing to comply with a court order).

## II.      Conclusion

IT IS THEREFORE ORDERED that Brown's emergency motion for a temporary restraining order **[ECF No. 44] is DENIED without prejudice.**

IT IS FURTHER ORDERED that Brown's emergency motion for a preliminary injunction **[ECF No. 45] is DENIED without prejudice**.

Dated: July 17, 2024

_____
Cristina D. Silva
United States District Judge

2