UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Wendell Brown,<br><br>              Plaintiff,<br><br>v.<br><br>Bank of America, N.A.; Quality Loan Servicer Corporation,<br><br>              Defendants. | Case No. 2:24-cv-00867-CDS-DJA<br><br>**Report and Recommendation** |

      This civil case arises out of a mortgage loan that Plaintiff obtained in 2003, which was secured by a Deed of Trust naming Bank of America, N.A. ("BANA") as trustee. In 2022, Quality Loan Servicing Corporation ("QLSC") filed a Substitution of Trustee, which substitution placed QLSC as trustee in place of the former trustee, BANA. As a result of the substitution, Plaintiff asserts that a third party denied him home equity financing in 2024.

      Plaintiff, proceeding *pro se*, sues BANA and QLSC for damages, injunctive relief, and declaratory relief, alleging claims for breach of contract, negligence, breach of fiduciary duty, quiet title, declaratory relief, negligent interference with prospective economic advantage, negligent infliction of emotional distress, breach of the implied covenant of good faith and fair dealing, violation of the federal Real Estate Settlement Procedures Act, and violation of the federal Truth in Lending Act. Plaintiff initially sued Defendants in state court. BANA removed this action to federal court.

      Plaintiff moves to amend his complaint to remove his federal claims and to add a non-diverse defendant. (ECF No. 14). Defendant opposes this amendment, stating that Plaintiff is making it solely to defeat federal jurisdiction and that it is otherwise futile. (ECF No. 30). Plaintiff also moves to remand this case to state court on the grounds that he has moved to amend to destroy diversity and remove his federal claims. (ECF No. 12). Because the Court finds that

Plaintiff's proposed amendment does not justify remand under the 28 U.S.C. § 1447(e) analysis, it recommends denying Plaintiff's motion to amend his complaint and denying Plaintiff's motion to remand as moot.

## I. Background.

In his motion to remand, Plaintiff asserts that, because he has filed a proposed amendment that would eliminate his federal claims and add a non-diverse defendant, the Court must remand the case to state court. (ECF No. 12 at 5-6). Plaintiff moves to remand under 28 U.S.C. § 1447(c). (*Id.* at 1). Plaintiff brings his motion to amend under Federal Rule of Civil Procedure 15 and specifies that the amendment "eliminates the federal claims that formed the basis for removal, adds a non-diverse defendant, and clarifies that only state law causes of action are being asserted. These amendments establish the grounds for remanding this case back to state court, as argued in Plaintiff's concurrently filed Motion to Remand." (ECF No. 14 at 5). Plaintiff's proposed amendment adds Craig Gold as a defendant and asserts a claim of negligence against Gold, stating that "Gold was negligent in his handling of Plaintiff's trust matters, including the property that is the subject of this action, in his capacity as a trustee. Gold's negligent actions contributed to the wrongful substitution of trustee on Plaintiff's mortgage loan and the resulting damages suffered by Plaintiff." (ECF No. 14 at 18).

BANA responds to Plaintiffs motion to remand by asserting that simply filing a motion to amend the complaint is not sufficient to divest the Court of its jurisdiction, particularly because Plaintiff's original complaint clearly established this Court's jurisdiction over the claims and because Plaintiff's proposed amendment fails under 28 U.S.C. § 1447(e). (ECF No. 24 at 2-7).[1] BANA responds to Plaintiff's motion to amend by arguing that Plaintiff's proposed amendments

---

[1] BANA also mentions that Plaintiff first filed his motion to amend in state court and references his jurisdiction language as reasons to deny Plaintiff's motion to remand. However, because Plaintiff is pro se and eventually filed his motion to amend in this Court, the Court liberally construes Plaintiff's motion to remand and motion to amend and does not decide the motions on these grounds.

are intended only to destroy diversity and that Gold is a "sham" defendant.[2] (ECF No. 30 at 3-6). BANA points out that Plaintiff alleges no details about what Gold did and should have known about Gold's involvement—if any—from the beginning. (*Id.*). In any event, BANA asserts that the amendment is futile for the same reasons set forth in BANA's motion to dismiss the original complaint. (*Id.* at 7). BANA adds that the factors of undue delay, bad faith, and undue prejudice weigh in favor of denying the motion to amend. (*Id.*).

While Plaintiff did not file a reply in support of his motion to amend, he did reply in support of his motion to remand. (ECF No. 32). There, he asserts that Gold is a legitimate defendant, arguing that he has alleged a colorable claim of negligence against Gold. (*Id.* at 7). Plaintiff states that:

> [T]he amended complaint alleges that Gold, in his capacity as trustee, had a fiduciary duty to manage the trust assets prudently and protect the interests of the beneficiaries. Gold allegedly breached this duty by failing to properly monitor and respond to the wrongful substitution of trustee, despite irregularities in the documentation. Gold also failed to take timely action to challenge the substitution or notify Plaintiff of the adverse actions taken against the trust property, and failed to adequately protect the trust assets by not initiating legal action to contest the allegedly improper foreclosure activities.

(*Id.*).

Plaintiff adds that his intent in adding Gold as a defendant is irrelevant to the jurisdictional analysis and that, because he proposes to remove his federal claims and add a non-diverse defendant, the Court is mandated to remand under statute and Ninth Circuit precedent. (*Id.* at 7-12). Plaintiff adds that, with the removal of the federal claims and addition of a non-diverse defendant, the state court is in a better position to decide the case. (*Id.* at 12-14).[3]

---

[2] The Court does not make its decision based on the attachments that BANA includes purporting to show that Plaintiff and Gold are married and have worked together on certain patents. The Court cannot authenticate these attachments—two of which are publicly editable Wikipedia entries—and thus does not rely on them in reaching its conclusion. So, the Court does not summarize the parties' arguments regarding these attachments further.

[3] Plaintiff adds that supplemental jurisdiction does not create a basis for this Court's jurisdiction over his claims. (ECF No. 32 at 15). However, Plaintiff raised this argument for the first time in

Because Plaintiff's sole argument for remand is that he has moved to amend his complaint to add Gold and to remove his federal claims, the Court decides Plaintiff's motion to amend first. The Court finds that amendment is not proper in this instance considering Plaintiff's proposed amendments. So, the Court denies Plaintiff's motion to remand as moot.

## II.     Legal Standard.

"There is a split in authorities, unresolved by the Ninth Circuit, on whether Rule 15 or 28 U.S.C. § 1447(e) governs the Court's decision to permit joinder of defendants that would destroy diversity. *McGrath v. Home Depot USA, Inc.*, 298 F.R.D. 601, 606 (S.D. Cal. 2014); *see also Magana v. Archer Daniels Midland Co.*, No. 12:0-cv-00578-NONE-SKO, 2021 WL 1375466, at *1 (E.D. Cal. Apr. 12, 2021) (acknowledging that the Ninth Circuit has yet to resolve what standard governs this situation); *Armstrong v. FCA US LLC*, No. 1:19-cv-01275-DAD-SAB, 2020 WL 6559232, at *3, n.3 (E.D. Cal. Nov. 9, 2020) (recognizing split).

Under Rule 15, a party may amend its pleading once "as a matter of course" within twenty-one days of serving it, or within twenty-one days after service of a responsive pleading or motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*. "The standard for granting leave to amend is generous." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011). And "the nonmovant bears the burden of showing why amendment should not be granted." *Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661, 666 (Fed. Cir. 1986). "The court considers five factors [under Rule 15] in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Corinthian Colls.*, 655 F.3d at 995. These factors, however, are not equally weighted. *United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981).

---

reply, depriving Defendants of the opportunity to respond to it. The Court will thus not consider this as a basis for deciding the motions in front of it.

Under 28 U.S.C. § 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." "The language of § 1447(e) is couched in permissive terms and it clearly gives the district court the discretion to deny joinder." *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998).

The Court believes that the proper analysis of a motion to amend that would add defendants and destroy subject matter jurisdiction is under 28 U.S.C. § 1447(e). While district courts in the Ninth Circuit have gone both ways, the Ninth Circuit's decision in *Newcombe* suggests that the proper analysis is under 28 U.S.C. § 1447(e).. *Id*. In *Newcombe*, after the case was removed, the plaintiff sought to add a defendant that would destroy diversity. *See id*. The district court denied the motion and the Ninth Circuit affirmed. *See id*. The Ninth Circuit cited Section 1447(e) (not Rule 15) and explained that

> [t]he district court considered the potential prejudice to Newcombe, balanced the equities, and determined that no injustice would occur. The district court, after stating that it was aware of its discretion under § 1447(e), concluded that Cassidy was not a crucial defendant in this case because Newcombe only sought (1) an injunction, which could only be enforced against the other defendants, and (2) money damages, which could be fully satisfied by the other defendants. In addition, the district court concluded that Newcombe would not suffer undue prejudice due to Cassidy's absence as a party because he could subpoena Cassidy to testify at trial, and if he so chose, he could still proceed separately against Cassidy in state court. We agree with these conclusions and therefore conclude that the district court did not abuse its discretion in denying Newcombe's motion to remand.

*Id.*

In two unpublished decisions issued since *Newcombe*, the Ninth Circuit has continued to apply Section 1447(e) in situations such as this (and not Rule 15). *See 3WL, LLC v. Master Prot., LP*, 851 F. App'x 4, 7 (9th Cir. 2021) (applying Section 1447(e) and reasoning that "[b]ecause '[t]he language of § 1447(e) is couched in permissive terms and it clearly gives the district court the discretion to deny joinder,' this court has upheld such denials where the district court 'considered the potential prejudice to [the plaintiff], balanced the equities, and determined that no

injustice would occur.'") (citing *Newcombe*); *Kwasniewski v. Sanofi-Aventis U.S., LLC*, 637 F. App'x 405, 407 (9th Cir. 2016) ("Plaintiffs sought leave to amend the complaint ... The district court properly denied the motion because the proposed amendment sought to rejoin diversity-destroying defendants under the analysis required by 28 U.S.C. § 1447(e).").

Based on these published and unpublished Ninth Circuit cases, this Court concludes that it must analyze the instant motion to amend under 28 U.S.C. § 1447(e). The analysis of proposed amendment under § 1447(e) requires higher scrutiny than standard amendment under Federal Rule of Civil Procedure 15. *Lieberman v. Wal-Mart Stores, Inc.*, No. 2:12-CV-1650 JCM PAL, 2013 WL 596098, * 1 (D. Nev. Feb. 15, 2013). Courts have broad discretion when deciding whether to permit diversity destroying joinder. *3WL*, 851 F. App'x at 7.

The Court further concludes that, based on *Newcombe*, it should consider the prejudice to the Plaintiff, balance the equities, and determine whether injustice would occur. *See Newcombe*, 157 F.3d at 691; *see 3WL*, 851 F.App'x at 7 ("this court has upheld such denials where the district court 'considered the potential prejudice to [the plaintiff], balanced the equities, and determined that no injustice would occur.'"). The Court acknowledges that district courts in the Ninth Circuit sometimes apply various factors in evaluating motions to amend under Section 1447(e); however, different courts apply different factors (or none at all). *See, e.g.*, *Sanchez by & through Gomez v. Target Corp., LLC*, No. 2:21-cv-00058-KJD-DJA, 2021 WL 952095, at *1 (D. Nev. Mar. 12, 2021) (applying six factors); *O'Leary v. Smith's Food & Drug Centers, Inc.*, No., 2019 WL 1217296, at *1 (D. Nev. Feb. 25, 2019), *report and recommendation adopted,* No. 2:18-CV-2150-GMN-VCF, 2019 WL 1207931 (D. Nev. Mar. 14, 2019) (applying three factors); *Resendez v. Smith's Food & Drug Centers, Inc.*, No. 2:14-CV-00201-APG-NJK, 2015 WL 875300, at *1 (D. Nev. Mar. 2, 2015) (applying four factors); *Glaster v. Dollar Tree Stores, Inc.*, No. 2:15-cv-00252-MMD-VCF, 2016 WL 128139, at *2 (D. Nev. Jan. 12, 2016) (noting that "some district courts in the Ninth Circuit have applied a multi-factor test to this analysis, assessing the motives behind seeking joinder, and whether joinder would affect subject matter jurisdiction. Many of those factors, however, appear to arise from Ninth Circuit case law that predates the 1988 enactment of § 1447(e) in its current form."). Accordingly, rather than choosing a set of factors

to apply, the Court follows the Ninth Circuit in *Newcombe* and subsequent unpublished cases and will assess the prejudice to the Plaintiff, balance the equities, and determine whether injustice would occur.

### III. Discussion.

Under the 28 U.S.C. § 1447(e) analysis, the Court recommends denying Plaintiff's motion to amend. First, Plaintiff will not be prejudiced if he is denied leave to amend because, as written, Plaintiff's amendment adding Gold does not describe what Gold did to harm him. While Plaintiff provides more detail in his reply in support of his motion to remand about how Gold was negligent, as written, Plaintiff's proposed amendment contains only conclusory allegations. So, even if the Court did allow leave to amend, it is unlikely that Plaintiff's claims against Gold would be successful. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that, while Federal Rule of Civil Procedure 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action" and "[t]hredbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). Additionally, to the extent that Plaintiff would like to assert a separate negligence claim against Gold, he may do so in state court. This is particularly true because Plaintiff does not assert that Gold is a necessary party for him to obtain complete relief in this case. *See* Fed. R. Civ. P. 19(a).

Second, the Court balances the equities of allowing amendment. While the Court does not find that Plaintiff's proposed amendment is improper, on the facts before the Court, the amendment is suspect. Plaintiff specifically states that he is adding Gold to defeat diversity. And Plaintiff does not explain why he otherwise waited until now to add him. Additionally, Plaintiff's single negligence claim against Gold is threadbare and does not describe what Gold did that was negligent. Without more, this amendment appears intended solely to defeat diversity without actually subjecting Gold to any liability. So, if the Court were to allow amendment, it would subject BANA to remand on dubious pretenses. On the other hand, if the Court were to disallow amendment, Plaintiff could always attempt to amend his complaint later to add Gold and to add

more robust allegations against Gold. Plaintiff could also choose to bring his claims against Gold in state court. The balance of equities thus favors not allowing amendment.

Third, the Court does not find that Plaintiff would experience injustice if he was not permitted to amend his complaint. As previously discussed, Plaintiff may move to amend his complaint in this Court with more robust allegations or bring his claim against Gold in state court. So, Plaintiff can obtain complete relief from Defendants in this Court and obtain complete relief against Gold in state court. The Court thus recommends denying Plaintiff's motion to amend his complaint. Because Plaintiff's proposed amendment is the sole basis for his motion to remand, the Court also recommends denying Plaintiff's motion to remand as moot.

**IT IS THEREFORE RECOMMENDED** that Plaintiff's motion to amend his complaint (ECF No. 14) be **denied without prejudice.**

**IT IS FURTHER RECOMMENDED** that Plaintiff's motion to remand (ECF No. 12) be **denied as moot.**

## NOTICE

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985), *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED: August 5, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE