UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Wendell Brown,

        Plaintiff

 v.

Bank of America, et al.,

        Defendants

Case No. 2:24-cv-00867-CDS-DJA

**Order Adopting Magistrate Judge's Report and Recommendation**

[ECF No. 12, 14, 49, 50]

      Pro se plaintiff Wendell Brown filed this action against Bank of America ("BANA") and Quality Loan Servicing Corporation ("QLSC") in state court for damages, injunctive relief, and declaratory relief, alleging claims for breach of contract, negligence, breach of fiduciary duty, quiet title, declaratory relief, negligent interference with prospective economic advantage, negligent infliction of emotional distress, breach of the implied covenant of good faith and fair dealing, violation of the federal Real Estate Settlement Procedures Act, and violation of the federal Truth in Lending Act. Compl., ECF No. 1-1. Defendants removed this action to federal court. ECF No. 1.

      In May 2024, Brown filed a motion to remand (ECF No. 12) and a motion for leave to file an amended complaint to remove his federal claims and to add a nondiverse defendant (ECF No. 14).[1] Brown also filed a motion for entry of clerk's default against BANA. ECF No. 49.

      On August 5, 2024, Magistrate Judge Daniel J. Albregts issued a report and recommendation (R&R) that Brown's motion to amend his complaint be denied without prejudice, and that Brown's motion to remand be denied as moot. R&R, ECF No. 50. Brown had until August 19, 2024, to file any objections to the R&R. LR IB 3-2(a) (stating that parties wishing to object to an R&R must file objections within fourteen days). *See also* 28 U.S.C. § 636(b)(1)(C) (same). As of the date of this order, Brown has neither objected to the R&R nor

---

[1] I note that BANA's motion to dismiss (ECF No. 7) and Quality Loan Servicer Corporation's joinder to that motion (ECF No. 9) will be resolved in due course.

requested more time to do so. And "no review is required of a magistrate judge's report and recommendation unless objections are filed." *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003). *See also Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Therefore, I adopt the R&R in full.

As to Brown's motion for default, he argues that the motion for default he filed in state court is operative at the federal court level. But that default was set aside by Eighth Judicial District Court Judge Ron Israel on July 11, 2024.[2] Further, such an entry of default is only appropriate when a defendant "has failed to plead or otherwise defend . . . ." Fed. R. Civ. P. 55(a). Although BANA has not answered the complaint, it did file a motion to dismiss the complaint. ECF No. 7. And a motion to dismiss is an appropriate response to the complaint. *See* Fed. R. Civ. P. 12(b)(6). Therefore, BANA has indicated an intent to defend in this action and therefore the entry of default and default judgment is inappropriate at this juncture.

## Conclusion

It is therefore ordered that Judge Albregts's R&R **[ECF No. 50] is adopted** in its entirety.

It is further ordered that Brown's motion for entry of clerk's default **[ECF No. 49] is denied**.

It is further ordered that Brown's motion for leave to amend his complaint **[ECF No. 14]** and motion to remand **[ECF No. 12] are denied as moot**.

Dated: September 9, 2024

_____
Cristina D. Silva
United States District Judge

---

[2] Federal Rule of Evidence 201 permits the Court to take judicial notice of matters of public record, including state court filings. Fed. R. Evid. 201; *see also Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (Courts may take judicial notice of undisputed matters of public record,); *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002) (Courts may take judicial notice of documents on file in federal or state courts.).